United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-41160
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

        versus

JOSE BERNARDO RODRIGUEZ-RODRIGUEZ,

                              Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2032

———————————

Before GARWOOD, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

        Jose Bernardo Rodriguez-Rodriguez was convicted of one count
of having been found in the United States following deportation and
sentenced to serve 57 months in prison. Rodriguez-Rodriguez argues
that his bottom of the guideline range sentence (imposed July 2006)
is unreasonable because he requested a sentence below the
guidelines based on the 18 U.S.C. § 3553 factors and that the
district court imposed the sentence without considering the

_____

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mitigating factor or the nature and circumstances of the offense. The record shows that Rodriguez-Rodriguez's factual assertion that the district court did not consider the mitigating circumstance presented at sentencing is factually incorrect. Rodriguez-Rodriguez has not shown that the sentence imposed by the district court is unreasonable. *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005).

Rodriguez-Rodriguez challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Rodriguez-Rodriguez's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although he contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Alemdarez-Torres* is light of *Apprendi v. New Jersey*, 530 U.S. 460 (2000), we have repeatedly rejected such arguments on the basis that *Alemdarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005). Rodriguez-Rodriguez properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for future review.

The judgment of the district court is

AFFIRMED.

2